IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DARRYL WHITE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-155-JPG |
| | ) |
| **SHERRY BENTON,** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Darryl White, an inmate in the Pinckneyville Correctional Center, brings this action as a "common law writ of certiorari" and "notice of appeal". In this action, he seeks injunctive relief and damages for alleged deprivations of his constitutional rights under the First, Eighth and Fourteenth Amendments. Therefore, the Court construes this action as filed pursuant to 42 U.S.C. § 1983.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## INSTITUTION TRANSFER

During his time at Pinckneyville, White learned that his mother was seriously ill. He sought a transfer from Pinckneyville to the Dixon Correctional Center, which was denied. According to White, an inmate must be at A-grade in order to be considered for a transfer. White had a history of disciplinary tickets, thus disqualifying him from consideration. Implicit in his allegation is that some of the disciplinary tickets were bogus, and thus should not be counted against him.

The only named defendant/respondent in this action is Sherry Benton, the transfer coordinator. White makes no allegation that Benton had any role in these alleged bogus disciplinary proceedings. Moreover, he provides no specific information regarding when these incidents occurred, nor what the outcome was for any of those incidents.

As for his requested transfer, inmates do not have a liberty interest in being housed at any particular facility. *See Meachum v. Fano*, 427 U.S. 215, 224-25, *reh. denied*, 429 U.S. 873 (1976) (no liberty interest in remaining in a particular institution with state system); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). Thus, White has failed to state a claim against Benton with respect to denial of his transfer request.

## LAW LIBRARY

White also makes vague allegations about lack of access to the law library, due to a fatal

hostage situation that occurred in the law library in December 2009.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

As stated above, Sherry Benton is the only named respondent in this action, and White makes no allegations that she had any involvement with his access to the law library. More importantly, White makes no allegation that his lack of access to the library has prejudiced any potentially meritorious legal action he has sought to pursue. Thus, he has failed to state a claim upon which relief may be granted.

**C/O GRAHAM**

White alleges that C/O Graham has deliberately delivered White's mail to the wrong cell, and that Graham interfered to cause delay in White's outgoing mail. White also states that Graham advised some inmates of White's criminal history in an effort to create animosity towards White.

Graham is not named as a defendant in this action, and White makes no allegation that Defendant Benton had any involvement in these events. Thus, White has failed to state a claim against Benton regarding the actions of Graham. If White wishes to pursue a claim against Graham, he must do so in a separate lawsuit.

**MEDICAL CARE**

White asserts that inmates are fed a diet heavy in soy protein, and that long-term consumption of soy products may lead to thyroid problems. White sought and received a thyroid blood test, but he was not provided with a written report of the results.

Again, White makes no allegation that Defendant Benton has any involvement with either his dietary selection or his medical care. Thus, he has failed to state a claim against her with respect to his soy diet and any potential medical complications arising from that diet.

**DISPOSITION**

In summary, the complaint does not survive review under § 1915A, and this action is **DISMISSED** with prejudice. White is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**Dated: August 31, 2010.**

                                             s/ J. Phil Gilbert
                                             U. S. District Judge